UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HORACEK,

                    Petitioner,                Case No. 4:25-cv-12552
                                         Hon. F. Kay Behm

v.

WILLIAM K. MARSHALL, III,

                    Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Daniel Horacek filed this petition for writ of habeas corpus under 28 U.S.C. § 2241. When he filed the petition, Horacek was an inmate at the Oakland County Jail serving concurrent state and federal sentences. The petition claims that the BOP failed to deduct presentencing jail time from Horacek's federal sentence. Contrary to his allegations, the BOP awarded Horacek the claimed presentencing credits, and he was released from his federal sentence on January 23, 2026. The Court dismisses the petition because the case was mooted by Horacek's release.

### I. Background

On May 21, 2015, Horacek robbed a bank in Southfield. This led to parallel prosecutions in state and federal court. In state court, Horacek was convicted of a larceny offense, and he was sentenced to 15 months to 30 years in prison. In federal court, Horacek pled guilty to bank robbery, and he was sentenced to 70 months in

prison plus 3 years of supervised release. *See U.S. v. Horacek*, E.D. Mich. No. 15-cr-20683, ECF No. 43.

Horacek was released from prison sometime in 2022. On February 13, 2024, after violating the terms of his supervised release multiple times, the Court imposed a new 20-month term of supervised release. (ECF No. 9, PageID.58; *see also* Case No. 15-20683, ECF No. 59.)

Not far into this new term, Horacek began violating the conditions of his release. He tested positive for cocaine multiple times, he committed property offenses in Macomb and Oakland County, and he failed to report. Horacek evaded capture until September 29, 2024, when he was arrested during a traffic stop. (ECF No. 9, PageID.58-59.)

Horacek thereafter pled guilty to new offenses in Macomb and Oakland County. *See People v. Horacek*, Macomb County. No. 2024003091-FH; *People v. Horacek*, Oakland County No. 24-291341-FH. (ECF No. 9, PageID.59-60.) On January 26, 2025, Horack was sentenced in Oakland County to 300 days in jail, and he was later sentenced to a concurrent term for his Macomb County case. (*Id.*)

On February 20, 2025, Horacek's federal supervised release was revoked, and he was sentenced to 18 months in prison to be served concurrently with the state sentences. (ECF No. 9, PageID.61-62.)

In calculating Horacek's sentence, the BOP awarded Horacek 128 days of presentencing jail credit on his 18-month federal sentence. BOP records show that he was given 120 days of credit for the period running from his arrest on September

29, 2024, until his sentencing in Oakland County on January 26, 2025.[1] He was also given 8 days of jail credit for a brief period he spent in custody from February 7-14, 2024, when his supervised release was first revoked. (PageID.77, 81.)

The BOP released Horacek from his federal sentence on January 23, 2026. (ECF No. 10-1, PageID.90.)

## II. Discussion

All of Horacek's claims are based on the premise that the BOP failed to include presentencing jail credits in computing his sentence. (ECF No. 1, PageID.15-18.) Respondent's initial motion to dismiss the petition pointed to a number of deficiencies in the petition: Horacek did not attempt to exhaust administrative remedies, he named the incorrect Respondent, three of his four claims are barred by 28 U.S.C. § 2255(e), and all of his claims are based on the false premise that he did not receive jail credits. (ECF No. 9.) Respondent supplemented the motion after Horacek was released from his federal sentence, asserting that the petition must also be dismissed for the more fundamental reason that it no longer presents a "case or controversy" under Article III, § 2 of the United States Constitution. (ECF No. 10.)

The Court lacks jurisdiction to consider any case that has "lost its character as a present, live controversy." *See Hall v. Beals*, 396 U.S. 45, 48 (1969). "Because the exercise of judicial power under Article III of the Constitution depends on the

---

[1] Horacek—getting his dates slightly wrong and shortchanging himself—mistakenly asserts that he was entitled to 117 days of presentencing credit. (ECF No. 1, PageID.10; ECF No. 9-3, PageID.77.)

existence of a live case or controversy, mootness is a jurisdictional question." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).

All of Horacek's claims challenge the calculation of his federal sentence and assert that he is entitled to earlier release. When he was released from his federal sentence all of his claims were therefore rendered moot. *See Antoine v. Rardin*, No. 24-12462, 2025 U.S. Dist. LEXIS 60892, 2025 WL 968285, at *2 (E.D. Mich. Mar. 31, 2025) (finding that a prisoner's petition for prerelease custody was mooted when he was placed in prerelease custody); *Brown v. Rardin*, No. 24-12368, 2025 U.S. Dist. LEXIS 80202, 2025 WL 1226308, at *1 (E.D. Mich. Apr. 28, 2025) (same); *Stukes v. Rardin*, No. 24-12926, 2025 U.S. Dist. LEXIS 108991, 2025 WL 1888559, at *1 (E.D. Mich. June 9, 2025) (same).

The only potential consequence that exists following his release is the delayed start of Horacek's term of supervised release. However, "[t]he Supreme Court has made clear that excessive time served in prison does not automatically reduce a defendant's period of supervised release." *See United States v. Perotti*, 702 F. App'x 322, 324 (6th Cir. 2017) (citing *United States v. Johnson*, 529 U.S. 53, 60 (2000)); *see also Williams v. Sherman*, 214 F. App'x 264, 265 (3d Cir. 2007) (noting that "[a] delayed commencement of supervised release due to an alleged wrongful calculation of good-conduct time cannot be redressed by a favorable judicial decision"). Simply put, Horacek's term of supervised release "cannot be reduced 'by

reason of any excess time [he may have] served in prison.'" *DeFoy v. McCullough*, 393 F.3d 439, 442 n.3 (3d Cir. 2005) (quoting *Johnson*, 529 U.S. at 60).

The petition for writ of habeas corpus does not present a live case or controversy – the claims were rendered moot by Horacek's release from his federal sentence.

### III. Order

Accordingly, **IT IS ORDERED** that:

(1) Respondent's motion to dismiss (ECF Nos. 9 and 10) is **GRANTED**, and the Petition for writ of habeas corpus under 28 U.S.C. § 2241, (ECF No. 1), is **DISMISSED AS MOOT**.

(2) A certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

Date: April 13, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge